UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>SETERUS, INC., et al.,<br><br>Defendants. | Case No.17-cv-01183-HRL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**ORDER CONSTRUING FIRST AMENDED COMPLAINT AS A MOTION TO ADD A CLAIM AND DENYING THAT MOTION**<br><br>Re: Dkt. No. 14 |

Pro se plaintiff Jorge Sanchez ("Sanchez") sues Defendants Bank of America, N.A. ("BOFA") and Seterus, Inc. ("Seterus") for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and violations of California's unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq.* Dkt. No. 1. Seterus moved to dismiss the complaint for failure to state a claim upon which relief may be granted and because Sanchez's claims are barred by judicial estoppel. Dkt. No. 14. All parties have consented to magistrate judge jurisdiction, Dkt. Nos. 13, 17, 19, and Sanchez did not file an opposition in response to Seterus's motion, Dkt. No. 21. Sanchez and Seterus appeared for a hearing on this motion on June 13, 2017. For the reasons described below, the court grants Seterus's motion to dismiss.

**BACKGROUND**

Sanchez, the owner of 19939 Tamiami Ave, Tampa, Florida ("the property"), took out a loan secured by his property from Countrywide Home Loans ("Countrywide") in 2005. Dkt. No. 1, ¶¶ 1, 10. Sanchez's claims relate to two time periods: the time of the origination of his loan and an unspecified time following BOFA's acquisition of the loan. With respect to the first time period, Sanchez alleges that his mortgage involved a subprime loan "originated through the

fraudulent actions" of Countrywide employees. *Id.*, ¶ 11. Specifically, he asserts that Countrywide employees claimed that the loan bore a fixed interest rate, while it actually "had reverse amortization," and that appraisers working with the Defendants deliberately over-valued the property. *Id.*, ¶ 29. Sanchez alleges that Defendant BOFA acquired the loan from Countrywide, and that Seterus is the loan servicer. *Id.*, ¶¶ 12, 13.

At an unspecified time after these events, Defendants allegedly made an agreement to write off Sanchez's debt, to re-convey the mortgage lien to him, and to make no further collection efforts. *Id.*, ¶ 16. At the hearing on this motion, Sanchez indicated that this alleged promise was made in 2010 or 2011 by Defendant BOFA. Sanchez's first claim asserts that Defendants breached this contract by failing to write off the debt and re-convey the mortgage lien. *Id.*, ¶ 24. In his second claim, he alleges that the Defendants breached the covenant of good faith and fair dealing, in that they never intended to perform the promises described above. *Id.*, ¶ 26. For the same reason, Sanchez accuses Defendants of fraud. *Id.*, ¶ 30. The claim for fraud also relates to the alleged Countrywide misrepresentations described in the previous paragraphs. *Id.*, ¶ 29. Finally, Sanchez alleges that Defendants' conduct—though he only mentions BOFA's actions—constitutes a violation of California's unfair competition law. *Id.*, ¶¶ 33, 34.

Seterus filed a motion to dismiss the complaint in May 2017. Dkt. No. 14. Seterus argues that: (1) Sanchez's breach of contract and breach of implied covenant of good faith and fair dealing claims must fail because the alleged contract, as currently plead, is unenforceable for lack of consideration; (2) Sanchez fails to meet the heightened pleading standard for fraud; and (3) the court should apply judicial estoppel to bar Sanchez from asserting his claims, as he failed to disclose them as potential assets in a bankruptcy proceeding and received a discharge. *Id.*

Sanchez filed a purported First Amended Complaint ("FAC") on June 12, 2017. Dkt. No. 26. The FAC drops Sanchez's claims for fraud and violation of the unfair competition law and adds a claim for negligent misrepresentation. *Id.* The new claim alleges that "Defendant represented to Plaintiff that they would provide a payoff of zero for the first mortgage," *id.*, ¶ 29, that Defendant had no reasonable basis to believe this representation was true, *id.*, ¶ 31, and that Defendant did not provide the payoff, *id.*, ¶ 30. Sanchez also filed a separate request that the court

2

1 refer this case for mediation or arbitration. Dkt. No. 25.

## SETERUS'S REQUEST FOR JUDICIAL NOTICE

Generally, in ruling on a motion to dismiss, the court is limited to the material contained in the complaint. The court may, however, take judicial notice of facts outside the pleadings pursuant to Federal Rule of Evidence 201. Under this rule, courts may take judicial notice of "matters of public record," including documents from other courts. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id.*, at 690 (quoting *S. Cross Overseas Agencies. Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)).

Seterus requests that the court take judicial notice of three documents: (1) a Chapter 7 Bankruptcy Petition, Case No. 16-bk-52122, filed by Sanchez on July 22, 2016, listing no claims against third parties as assets; (2) an Order of Discharge entered in the bankruptcy proceeding on October 18, 2016; and (3) the court's docket in the bankruptcy proceeding, indicating that the proceeding has not been reopened. Dkt. No. 14, Request for Judicial Notice ("RJN"), Exs. 1-3. The court takes judicial notice of these documents.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a cause of action are insufficient. *Id.* In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court, however, is not required to accept as true, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979,

988 (9th Cir. 2001).

**DISCUSSION**

**1. Judicial Estoppel.**

Judicial estoppel allows a court to preclude a party "from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position" before another court. *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The court may consider three factors in determining whether to apply judicial estoppel: (1) whether the party's current position is "clearly inconsistent" with its earlier position, (2) whether the party persuaded a court to accept the prior position, and (3) whether the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.*, at 783 (quoting *New Hampshire v. Maine*, 532 U.S. 742 (2001)). Courts have applied judicial estoppel to preclude a party to a bankruptcy proceeding from later "asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.*, at 784.

If Sanchez did not disclose his current claims to the bankruptcy court as potential claims or assets, judicial estoppel may bar his present suit. Sanchez did not disclose any claims in his initial petition, RJN, Ex. 1; but the docket of the bankruptcy proceeding indicates that Sanchez filed an amended petition, *see* RJN, Ex. 3, which is not the subject of a request for judicial notice before the court. As the court cannot say whether Sanchez disclosed his claims in this amended petition or at some other point during the bankruptcy proceeding, judicial estoppel is inappropriate at this time. Seterus may renew this argument in the future if judicially noticeable documents reveal that Sanchez did not disclose his claims at any point during the bankruptcy proceeding.

**2. Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing.**

To plead a claim for breach of contract, a plaintiff must allege "(1) [the] existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). To sufficiently plead the existence of a contract, a plaintiff must plead, among other things, consideration. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1142

4

(N.D. Cal. 2013). Good consideration is "[a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled[;] or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor." Cal. Civ. Code § 1605. Without consideration, an alleged contract is unenforceable as a gratuitous promise. *Kurokowa v. Blum*, 199 Cal. App. 3d 976, 990 (1988).

Sanchez fails to plead any facts supporting the presence of consideration for Defendants' promise to write off the debt. He does not plead any benefit conferred upon the Defendants or prejudice suffered to induce the Defendants' promise. In the absence of consideration, Sanchez fails to allege an enforceable contract, and his first claim must fail. As Sanchez does not allege the existence of a contract, his claim for a breach of the implied covenant of good faith and fair dealing must also fail. *Racine & Laramie, ltd. v. Department of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-32 (1992) ("There is no obligation to deal fairly or in good faith absent an existing contract.").

Sanchez stated at the hearing on this motion that the alleged promise that forms the basis of his contract and implied covenant claims was made to him by Defendant BOFA. As Sanchez does not indicate that Seterus was a party to the contract, the court dismisses the claims for breach of contract and breach of the implied covenant of good faith and fair dealing as against Defendant Seterus with prejudice. Sanchez may, however, amend these claims as against Defendant BOFA.

**3. Fraud.**

The elements of a claim for fraud are "(a) a misrepresentation . . . ; (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1164 (quoting *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294-95 (2005)). Allegations of fraud are subject to a heightened pleading standard pursuant to Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that allegations of fraud be plead with specificity. The plaintiff must include "the who, what, when, where, and how" of the fraud and set forth "what is false or misleading about a statement, and why it is false." *Rockridge Trust*, 985 F. Supp. 2d at 1135 (quoting *Decker v. GlenFed, Inc.*,

5

42 F.3d 1541, 1548 (9th Cir. 1994)). If these allegations are missing, a court may dismiss the complaint. *Id.*

Fraud is subject to a three-year limitations period. Cal. Code Civ. Proc. § 338(d). A plaintiff arguing for the application of the discovery rule to excuse a delay in bringing a claim "must plead . . . [his or her] lack of means of obtaining knowledge of the fraud through the exercise of reasonable diligence." *Nevarez v. Wells Fargo, N.A.*, No. C-12-1660 JCS, 2012 WL 2428233, at *5 (N.D. Cal. June 26, 2012).

Sanchez's allegations of fraud related to the origination of his loan in 2005 appear time-barred. Sanchez has not plead any facts suggesting that Defendants kept him from obtaining knowledge of their alleged fraud.

As for Sanchez's allegations related to the alleged contract to write off the mortgage, Sanchez does not plead fraud with the required specificity. He does not identify who promised to write off the loan or when this promise was made. The level of detail Sanchez presents does not allow Defendants to form a defense to his allegations of fraud other than general denials. As a result, the court grants Seterus's motion to dismiss as to this claim.

**4. Unfair Competition Law.**

Sanchez does not allege any wrongful conduct by Seterus that violated the unfair competition law. Instead, his fourth claim focuses on alleged misconduct by BOFA. A defendant cannot be vicariously liable under the unfair competition law. *Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*, 494 F.3d 788, 808 (9th Cir. 2007). The court therefore dismisses the unfair competition law claim as against Seterus.

**5. Plaintiff's Purported First Amended Complaint and Negligent Misrepresentation.**

Rule 15 of the Federal Rules of Civil Procedure states that a plaintiff may amend his or her complaint once as of right within 21 days of the service of a 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party must either obtain the opposing party's written consent or leave of the court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Sanchez's First Amended Complaint ("FAC") was filed after 21 days of the service of a 12(b) motion, and Sanchez did not seek leave of the court. As such, the FAC does not have legal effect and may be stricken by the

6

court. *Larry O. Crother, Inc. v. Lexington ins. Co.*, No. 2:11-cv-00138-MCE-GGH, 2011 WL 1084201, at *2 (E.D. Cal. Mar. 21, 2011).

Rather than striking the FAC entirely, the court will instead construe it as a motion for leave to add a new claim: the claim for negligent misrepresentation that Sanchez added to the FAC. *See Brockmeier v. Solano Cnty. Sheriff's Dept.*, No. CIV S-05-2090 MCE EFB PS, 2007 WL 1521074 (E.D. Cal. May 22, 2007) (construing an improperly filed amended complaint as a motion for leave to amend). Courts typically review four factors when evaluating motions for leave to amend: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The court denies Sanchez's construed motion to add a negligent misrepresentation claim, as amendment to add this claim would be futile. California does not recognize negligent misrepresentation claims based on negligent false promises. *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153 (1991). Such a promise—that Defendant "would provide a payoff of zero for the first mortgage"—forms the basis of Sanchez's proposed claim. The court denies this motion without prejudice to Sanchez requesting leave to add a claim for negligent misrepresentation in the future, so long as such a claim is not based on a false promise.

**6. Plaintiff's Request for Referral to Mediation.**

As mediation would be premature at this early stage of the litigation, before the pleadings have been set, the court denies Sanchez's request that this case be referred to mediation. Sanchez may renew this request at a later time.

**CONCLUSION**

The court grants Defendant's motion to dismiss as to all four claims. The claims for breach of contract and breach of the implied covenant of good faith and fair dealing are dismissed with prejudice as against Seterus, but Sanchez may amend these claims as against BOFA. Sanchez may amend his claims for fraud and violation of the unfair competition law as against both defendants. The court further construes Sanchez's purported FAC as a motion to add a claim for negligent misrepresentation, which motion is denied without prejudice. Sanchez's request for

7

referral to mediation is also denied without prejudice.

Sanchez shall have 30 days to file an amended complaint. Failure to timely file an amended complaint may result in dismissal with prejudice. Plaintiff may not add any new claims without first obtaining leave of the court. The court encourages Sanchez to contact the court's federal pro se program at 408-297-1480 to determine what assistance may be available to him.

**IT IS SO ORDERED.**

Dated: 6/14/2017

HOWARD R. LLOYD
United States Magistrate Judge