UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SETERUS, INC.,, et al.,<br><br>　　　　　Defendants. | Case No.17-cv-01183-HRL<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS** |

Earlier this year, pro se Plaintiff Jorge Sanchez ("Sanchez") sued Defendants Seterus, Inc. ("Seterus") and Bank of Ameirca, N.A. ("BofA") for allegedly failing to follow through on a promise to write off Plaintiff's mortgage debt. Dkt. No. 1. This Court dismissed Sanchez's complaint with leave to amend as to some of the claims, Dkt. No. 27, and Sanchez filed a first amended complaint ("FAC"). Dkt. 29. Seterus and BofA moved to dismiss the FAC, and oral argument was heard on September 12, 2017. The day before, however, Sanchez filed a purported notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to both defendants. Sanchez did not appear at the September 12th hearing.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 13, 17, 19. For the reasons described below, the Court dismisses the FAC with prejudice.

**I.　DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE**

Generally, in ruling on a motion to dismiss, the court is limited to the material contained in the complaint. The court may, however, take judicial notice of facts outside the pleadings pursuant to Federal Rule of Evidence 201. Under this rule, courts may take judicial notice of "matters of public record," including documents from other courts. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for

the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id.*, at 690 (quoting *S. Cross Overseas Agencies. Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)).

In moving to dismiss the original complaint, the Court granted Seterus' request to take judicial notice of three documents: (1) a Chapter 7 Bankruptcy Petition, Case No. 16-bk-52122, bearing a filing date of July 22, 2016, and listing no claims against third parties as assets; (2) an Order of Discharge entered in the bankruptcy proceeding on October 18, 2016; and (3) the court's docket in the bankruptcy proceeding, indicating that the proceeding has not been reopened. Dkt. No. 27. Seterus now requests that the Court take judicial notice of the same three documents, but adds an amended Chapter 7 petition, dated August 15, 2016. The amended petition does not list any claims against third parties as assets. The Court takes judicial notice of these documents.

BofA requests that the Court take judicial notice of seven documents: (1) Sanchez's mortgage, dated April 13, 2005; (2) an assignment of mortgage, dated September 12, 2012; (3) another assignment of mortgage, dated August 10, 2015; and the same four documents that are the subject of Seterus' request for judicial notice. Dkt. No. 35. The Court takes judicial notice of these documents as well.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a cause of action are insufficient. *Id.* In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court, however, is not required to accept as true, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

2

## III. JUDICIAL ESTOPPEL

Judicial estoppel allows a court to preclude a party "from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position" before another court. *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782 (9th Cir. 2001). A court may consider three factors in determining whether to apply judicial estoppel: (1) whether the party's current position is "clearly inconsistent" with its earlier position; (2) whether the party persuaded a court to accept the prior position; and (3) whether the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.*, at 783 (quoting *New Hampshire v. Maine*, 532 U.S. 742 (2001)).

Courts have applied judicial estoppel to preclude a party to a bankruptcy proceeding from later "asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.*, at 784. "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* Finally, although judicial estoppel is generally addressed at the summary judgment phase of a lawsuit, *see Marinache v. Stern*, No. 14-CV-03055-HRL, 2015 WL 4538808, at *3 (N.D. Cal. July 27, 2015), a court may decide the issue of judicial estoppel on a motion to dismiss, *see Carr v. Beverly Health Care & Rehab. Servs., Inc.*, No. C-12-2980 EMC, 2014 WL 31390, at *1 (N.D. Cal. Jan. 3, 2014) (listing cases).

In ruling on the motions to dismiss the original complaint, the Court declined to decide the judicial estoppel issue because Defendants had not asked the Court to take judicial notice of Sanchez's amended bankruptcy petition. Dkt. No. 27 at 4. Now that the Court has taken notice of the amended petition, the Court concludes that the Sanchez's claims are barred by judicial estoppel. Sanchez failed to report the claims in either the original or amended bankruptcy petitions. Dkt. No. 32-1 Ex. 1, 2. Moreover, based on the bankruptcy court's docket, Sanchez has made no effort to correct the omission by reopening the bankruptcy proceedings since he received an order of discharge in October 2016. Dkt. No. 32-1, Ex. 4.

Sanchez's position now – that he has claims against Seterus and Bank of America – is

3

clearly inconsistent with the position he took during the bankruptcy proceedings – that he had no such claims. *See Hamilton*, 270 F.3d at 782-83. Sanchez received a discharge on the basis of the assets and liabilities declared in his original and amended bankruptcy petitions, and would receive an unfair advantage now if he were allowed to pursue claims against Seterus and Bank of America after skirting his other creditors. Sanchez does not dispute that he had knowledge of his potential claims during the bankruptcy process, and in fact stated at the hearing on the motion to dismiss the original complaint that he has been aware of the alleged promise to write off his debt since 2010 or 2011. Dkt. No. 27 at 2. Accordingly, the Court dismisses the FAC without leave to amend.

## IV. FAILURE TO PROSECUTE

Even if Sanchez's claims were not judicially estopped, the Court dismisses the FAC for failure to prosecute. As an initial matter, the Court concludes that Sanchez's purported notice of voluntary dismissal, filed the day before the hearing on the motions to dismiss, was not valid.

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to voluntarily dismiss an action, without a court order, by filing either a notice of dismissal before an opposing party serves an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Here, however, Bank of America answered Sanchez's original complaint. Dkt. No. 10.

It does not appear that the Ninth Circuit has ever addressed whether a defendant's answer or summary judgment motion to a complaint that is dismissed and later amended precludes the plaintiff from then voluntarily dismissing the amended complaint under Rule 41(a)(1)(a)(i). The Fourth Circuit, however, addressed the question directly in *Armstrong v. Frostie Co.*, 453.2d 914, holding that once a defendant answers or moves for summary judgment, granting dismissal without prejudice becomes discretionary with the court. 453 F.2d at 916 ("The rule is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case."). Multiple district courts in this Circuit have followed *Armstrong*.[1] *See Milota v. Hexion Specialty Chemicals*

---

[1] The Ninth Circuit cited *Armstrong* with approval in *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th

4

*Canada, Inc.*, No. 3:13-CV-00909-HZ, 2015 WL 1737302, at *3-4 (D. Or. Apr. 16, 2015); *Mansfield v. Jones-Pfaff*, No. C14-0948JLR, 2014 WL 7185405, at *7 n.10 (W.D. Wash. Dec. 16, 2014); *Aana v. Pioneer Hi-Bred Int'l, Inc.*, No. CIV. 12-00231 LEK, 2014 WL 819158, at *2-3 (D. Haw. Feb. 28, 2014).

This Court agrees with and adopts the reasoning in *Armstrong*. Accordingly, Sanchez's purported notice of dismissal without prejudice is vacated.

Having determined that Sanchez's purported voluntary dismissal was not valid, the Court dismisses the action for failure to prosecute. Sanchez failed to oppose the motions to dismiss, failed to appear at the hearing on the motions, and, by filing a purported notice of dismissal, clearly indicated his unwillingness to further prosecute his claims. Therefore, having considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), and having determined that notwithstanding the public policy favoring the disposition of actions on their merits, the Court's need to manage its docket and the public interest in the expeditious resolution of the litigation require dismissal of this action. The court finds there is no appropriate less drastic sanction. Accordingly, this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure. 41(b) for plaintiff's failure to prosecute.

## V. CONCLUSION

For the reasons described above, the Court dismisses all of Sanchez's claims without leave to amend.

**IT IS SO ORDERED.**

Dated: 10/2/2017

HOWARD R. LLOYD
United States Magistrate Judge

---

Cir. 1993), but not in the context of the issue currently before the Court.

5